## WITTEKOPPE v. NEW YORK & P. S. S. CO.

(District Court, S. D. New York. May 18, 1911.)

1. SEAMEN (§ 11*)—INJURY IN SERVICE—MEDICAL TREATMENT.

When a steamship was on a voyage from St. Lucia to Bahia Blanca, South America, libelant, a seaman, fell from a ladder and broke his wrist. There was no surgeon on board, and the master, who knew the wrist was broken, attempted to set the bones, but did so imperfectly, and serious injury to libelant's arm and hand resulted. The vessel passed near Para and Pernambuco, in both of which places there were adequate hospital accommodations, but the master did not stop, the vessel being 13 days in completing the voyage. *Held*, that it was the duty of the master to put libelant ashore and send him to a hospital at Para or Pernambuco, and that his failure to do so rendered the owners liable for the resulting injury.

[Ed. Note.—For other cases, see Seamen, Cent. Dig. §§ 39–44, 187; Dec. Dig. § 11.*]

2. SEAMEN (§ 11*)—INJURY IN SERVICE—MEDICAL TREATMENT.

Where a seaman is seriously injured on a voyage, the master is not justified in failing to furnish him such proper surgical or medical treatment as the injury requires, even though the seaman does not request it, or acquiesces in the treatment given him.

[Ed. Note.—For other cases, see Seamen, Cent. Dig. §§ 39–44, 187; Dec. Dig. § 11.*

Rights and liabilities of seamen as to medical treatment, see note to The Cuzco, 83 C. C. A. 186.]

In Admiralty. Suit by William Wittekoppe against the New York & Pacific Steamship Company. Decree for libelant.

---

Hunt, Hill & Betts (George Whitefield Betts and Robert McLeod Jackson, of counsel), for libelant.

Convers & Kirlin (John M. Woolsey and George A. Washington, of counsel), for respondent.

HOLT, District Judge. This is an action in personam against the owner of the steamship Charcas, brought by a seaman. The libelant claims to recover damages for an assault, a balance due for wages, and damages for the neglect of the officers of the steamship to afford him proper medical attention for injuries suffered on the voyage. In my opinion, the evidence shows that no assault was committed, and therefore there can be no recovery on that ground. I think that the libelant is entitled to recover for whatever amount of wages is due him. I do not think the defense is established that he was guilty of desertion. The circumstances of his injury were such that, in my opinion, he was justified in staying in Baltimore for medical attention at the time when the ship sailed from there. The respondent claims that only four shillings and eight pence is due him on account of wages. I think he is entitled to that amount, and that, if he claims that more is due him, he is entitled to a reference to ascertain the amount actually due for wages.

[1] The principal question in the case is whether the owner of the steamship is liable for neglecting to afford him proper medical and surgical attention. The libelant, while going up a ladder from the hold, fell from the ladder to the bottom of the hold. As a result of the fall, his wrist was broken, and he was badly bruised. The ship, at the time this accident occurred, was on a voyage from St. Lucia to Bahia Blanca, South America. She had been about three days out from St. Lucia. It was evident that the bones of the wrist were broken. The captain did up the arm in splints, gave him a separate room, and afforded such medical attention as was within his knowledge and power. The ship was 13 days in reaching Bahia Blanca. The bones of the wrist did not properly unite, but formed what is called a callous union, the result of which has been that the libelant's hand and arm became atrophied, and his hand for a long time afterwards lost its grasping power, and is still deficient in that respect. The steamer on the voyage to Bahia Blanca passed near Para and within sight of Pernambuco, in both of which places there are adequate hospital accommodations. The steamer also met on the voyage 12 to 15 other large vessels, most of which probably had a competent surgeon on board, who would presumably, if requested, have gone to the Charcas and properly set the broken bone. The question in this case is whether the master of the Charcas owed a duty to the libelant, under the circumstances, to land him at Pernambuco or Para, or to endeavor to obtain proper surgical assistance from a passing ship.

[2] The general principle is well settled that an injured seaman is entitled to receive at the expense of the vessel proper medical or surgical attention if ill or injured while in the service of the ship. The vessel is not bound to deviate from her voyage for slight injuries, and each case must be determined by its own circumstances;

but, in my opinion, in this case it was the duty of the master to have put the libelant ashore at Para or Pernambuco, and to have had him sent to a hospital there. The bones of his wrist were broken. That is a serious injury; if the bones are not properly set, a permanent disability and a restricted circulation are apt to result, as has occurred in this case. The proper setting of such a fracture requires a larger degree of surgical skill than an ordinary shipmaster possesses. The master knew that the bones were broken, and, instead of putting the libelant ashore at either Para or Pernambuco, or endeavoring to obtain the aid of a surgeon from a passing vessel, proceeded on the voyage to his destination, occupying 13 days. The respondent claims that the libelant assented to this course. The libelant is a German, who speaks English very imperfectly; some witnesses say not at all. He claims that he asked, and expected, to be put ashore at Pernambuco. The officers deny this, and it may be that he said nothing, or that the officers did not understand him. But I do not think that in such a case the shipowner is exonerated even if the seaman acquiesced in not obtaining proper surgical treatment. It is the duty of the master in such a case to use his own judgment and to do what is necessary under the circumstances, and I think in this case the master was bound to know that he, with the best intentions, was not competent to so treat the broken wrist as to prevent the result which occurred. Dr. Cooper testifies that the libelant's hand is much better than it was when he first saw it, and that he thinks the libelant will gradually largely recover the use of it. I think that the libelant is entitled to recover for that portion of the pain and suffering which he has endured which resulted from the unskilful and insufficient treatment which he received, and for the loss which he has suffered from the inability to earn his usual wages which has resulted from such inadequate medical treatment, and I fix the amount of such damages at $1,200. As already stated, the libelant is also entitled to recover what is justly due him for wages. If the parties cannot agree upon that amount, a reference will be ordered.